## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

YETI Coolers, LLC,

      Plaintiff,

v.

Blueworks, LLC,
d/b/a Blue Coolers,

      Defendant.

Case No. 20-cv-01159

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

    (1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);
    (2) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);
    (3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);
    (4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;
    (5) COMMON LAW TRADE DRESS INFRINGEMENT;
    (6) COMMON LAW UNFAIR COMPETITION;
    (7) COMMON LAW MISAPPROPRIATION; AND
    (8) UNJUST ENRICHMENT.

      **Jury Trial Demanded**

## COMPLAINT

In 2006, brothers Roy and Ryan Seiders founded YETI in Austin, Texas. The Driftwood, Texas natives have a passion for the outdoors, which led them to recognize a need for better coolers. YETI developed unique designs for its coolers, including its Roadie® and Tundra® coolers. YETI grew from there and began selling other distinctive products, including its Rambler® insulated drinkware products. YETI has invested substantial resources in designing, developing, manufacturing, marketing, advertising, and promoting its cooler and drinkware products, and YETI owns rights in its cooler and drinkware products, including in YETI's distinct designs.

Given its substantial investments, YETI takes seriously the need to protect its rights, and YETI strives to eliminate the consumer confusion that is likely to occur when others infringe YETI's rights by using YETI's designs (or colorable imitations thereof). That's what this case is about—Blue Coolers is selling cooler products that are confusingly similar to YETI's distinctive cooler and drinkware designs. Blue Coolers' actions are likely to cause confusion among consumers about the affiliation, connection, and association of YETI with Blue Coolers. Blue Coolers' use of YETI's designs is also likely to dilute YETI's famous designs.  YETI and Blue Coolers are not affiliated, YETI does not sponsor or approve Blue Coolers' products, and Blue Coolers must stop selling its infringing products.

Accordingly, Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Blueworks, LLC d/b/a Blue Coolers ("Blue Coolers"), alleges as follows:

## The Parties

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2

2.      On information and belief, Blueworks, LLC d/b/a Blue Coolers is a Utah company having a principal place of business at 1224 Tylers Way, Kaysville, UT, 84037.

### Jurisdiction and Venue

3.      This is a complaint for damages and injunctive relief based on Blue Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of coolers and drinkware, and includes multiple grounds for relief including trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); federal common law; and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Blue Coolers because, *inter alia*, Blue Coolers is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Blue Coolers has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through Blue Coolers' principal web sites, https://bluecoolers.com/, https://www.facebook.com/bluecoolers, https://twitter.com/bluecoolers, and https://www.instagram.com/bluecoolersusa, and Amazon, (ii) Blue Coolers' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Blue Coolers acted with knowledge that

its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Blue Coolers' customers and/or potential customers reside in the State of Texas, including in this District.

6.    Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

**General Allegations – YETI's Intellectual Property**

7.    For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its: (1) Tundra® coolers, including, for example, the Tundra® 45 cooler, the Tundra® Haul® cooler, and the Tundra® 105 cooler (collectively, "Tundra® Coolers") and (2) of its insulated drinkware, including its 30 oz. Rambler® Tumbler and 20 oz. Rambler® Tumbler (collectively, "Rambler® Drinkware"). YETI created unique, distinctive, and non-functional designs to use with YETI's Tundra® Coolers and Rambler® Drinkware. YETI has extensively and continuously promoted and used these designs in the United States and Texas. Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Tundra® Cooler products and Rambler® Drinkware products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, YETI owns trade dress rights relating to its Tundra® Cooler and Rambler® Drinkware designs.

8.    YETI has enjoyed significant sales of its Tundra® Coolers and Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Tundra® Coolers and Rambler® Drinkware. The designs and features of YETI's Tundra® Coolers and Rambler® Drinkware have received widespread and unsolicited public

attention.  For example, the Tundra® Coolers and Rambler® Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

9.      The designs of the Tundra® Coolers and Rambler® Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Tundra® Coolers and Rambler® Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Tundra® Coolers and Rambler® Drinkware, YETI's marketing, advertising, and sales of the Tundra® Coolers and Rambler® Drinkware, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Tundra® Coolers and Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

10.     Exemplary images of YETI's Tundra® Coolers are shown below:

| Illustration 1: Exemplary Images of YETI's Tundra® Coolers. |
| --- |



**YETI Tundra® 45 Cooler**

5



**Illustration 1: Exemplary Images of YETI's Tundra® Coolers.**

**YETI Tundra® Haul® Cooler**

**YETI Tundra® 105 Cooler**

11.    YETI has trade dress rights in the overall look, design, and appearance of its Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

12.     Exemplary images of a YETI 30 oz. Rambler® Tumbler are shown below:

**Illustration 2: Exemplary Images of a YETI 30 oz. Rambler® Tumbler.**



13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the sidewall of the YETI 30 oz. Rambler® Tumbler; the

design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

14. Exemplary images of a YETI 20 oz. Rambler® Tumbler are shown below:

**Illustration 3: Exemplary Images of a YETI 20 oz. Rambler® Tumbler.**



15.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz.

Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

16.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Tundra® Cooler and Rambler® Drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

**<u>General Allegations – Blue Coolers' Unlawful Activities</u>**

17.     Blue Coolers has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including the rights protected by YETI's intellectual property.  Blue Coolers' infringing products are confusingly similar imitations of YETI's products.  Blue Coolers' actions have all been without the authorization of YETI.

18.     Blue Coolers' infringing cooler products include at least its Blue Coolers 30QT coolers, Blue Coolers 55QT coolers, Blue Coolers 55QT wheeled coolers, and Blue Coolers 100QT coolers. Exemplary images of Blue Coolers' infringing cooler products are shown below:



**Illustration 4: Exemplary Images of Blue Coolers Infringing Cooler Products.**

**Blue Coolers 30QT Coolers**

**Blue Coolers 55QT Coolers**



| Illustration 4: Exemplary Images of Blue Coolers Infringing Cooler Products. |
| --- |

**Blue Coolers 55QT Wheeled Coolers**

**Blue Coolers 100QT Coolers**

19. Blue Coolers' infringing drinkware products include at least its 30 oz. tumblers and 20 oz. tumblers. Exemplary images of Blue Coolers' infringing drinkware products are shown below:

| **Illustration 5:  Exemplary Image of Blue Coolers'
Infringing 30 oz. Tumbler Product.** |
|:---:|
|  |

| **Illustration 6:  Exemplary Image of Blue Coolers'
Infringing 20 oz. Tumbler Product.** |
|:---:|
|  |

20.     As a result of Blue Coolers' activities related to the infringing products, there is a likelihood of confusion between Blue Coolers and its products on the one hand, and YETI and its products on the other hand.

21.     YETI used its trade dress extensively and continuously before Blue Coolers began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.   Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Blue Coolers commenced its unlawful use of YETI's trade dress.

## Count I:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

22.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 21 as though fully set forth herein.

23.     Blue Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.   Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Blue Coolers with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

24.     YETI's trade dress is entitled to protection under the Lanham Act.   YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.   Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

14

25.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

26.     On information and belief, Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Blue Coolers' continuing disregard for YETI's rights.

27.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Blue Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

28.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Based on the activities described above, including, for example, Blue Coolers' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Blue Coolers is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating

YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

30.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

31.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

32.     On information and belief, Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and Blue Coolers' continuing disregard for YETI's rights.

33.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Blue Coolers' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count III:
### Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.     Blue Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Blue Coolers has obtained an unfair advantage as compared to YETI through Blue Coolers' use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Blue Coolers' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

36.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

37.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

38.     On information and belief, Blue Coolers' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Blue Coolers' continuing disregard for YETI's rights.

39.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Blue Coolers' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Based on the activities described above, including, for example, Blue Coolers' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Blue Coolers is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress

with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

42.     YETI's trade dress is famous and is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with the infringing products.

43.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Blue Coolers' continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Blue Coolers' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Blue Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

48.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with its infringing products.

49.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for

20

which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

50.     On information and belief, Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.   Blue Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Blue Coolers' continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Blue Coolers' profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Blue Coolers' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Blue Coolers' goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Blue Coolers' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.   Blue Coolers has also interfered with YETI's business.

54.     YETI's trade dress is entitled to protection under the common law.   YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of

Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with its infringing products.

55.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

56.     On information and belief, Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Blue Coolers' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Blue Coolers' profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Blue Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

60.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Blue Coolers has wrongfully used YETI's trade dress and/or colorable imitations thereof in direct competition with YETI and gained a special advantage because Blue Coolers was not burdened with the expenses incurred by YETI.  Blue Coolers has commercially damaged YETI, at least by causing consumer confusion as to origin, sponsorship, and/or affiliation of Blue Coolers' infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

61.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress in connection with its infringing products.

62.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  Moreover, as a result of its misappropriation, Blue Coolers has profited and, unless such conduct is enjoined by this Court, will continue to profit by

misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

63.     Blue Coolers' misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Blue Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Blue Coolers' continuing disregard for YETI's rights.

64.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Blue Coolers' profits, punitive damages, costs, and reasonable attorney fees.

### Count VII:
### Unjust Enrichment

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

66.     Blue Coolers' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Blue Coolers has wrongfully obtained benefits at YETI's expense.  Blue Coolers has also, *inter alia*, operated with an undue advantage.

67.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Blue Coolers has wrongfully used and its wrongfully using YETI's trade dress, and/or colorable imitations thereof, in direct competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Blue Coolers has not been burdened with the expenses incurred by YETI, yet Blue Coolers is obtaining the resulting benefits for its own business and products.

68.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and

continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Blue Coolers commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing products.

69.     Blue Coolers' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Blue Coolers has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

70.     Blue Coolers' unjust enrichment at YETI's expense has been intentional, willful, and malicious. Blue Coolers' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and Blue Coolers' continuing disregard for YETI's rights.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Blue Coolers' profits.

<u>**Demand for Jury Trial**</u>

YETI hereby demands a jury trial on all issues so triable.

<u>**Relief Sought**</u>

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Blue Coolers has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Blue Coolers were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress and further acts of unfair competition, misappropriation, and unjust enrichment by Blue Coolers, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Blue Coolers to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Blue Coolers' possession or control, (iii) all plates, molds, and other means of making the infringing products in Blue Coolers' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Blue Coolers' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Blue Coolers to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Blue Coolers' profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.      Such other and further relief as this Court deems just and proper.


Dated:  November 20, 2020                    Respectfully submitted,


By: /s/ Joseph J. Berghammer

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Janice V. Mitrius (*pro hac vice* forthcoming)
Illinois Bar No. 6243513
jmitrius@bannerwitcoff.com
John A. Webb, Jr. (admitted in the Western District of Texas)
Illinois Bar No. 6321695
jwebb@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000

Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**