# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Yeti Coolers, LLC,** *Plaintiff* § § § | |
| **v.** § § | Case No. 1:20-cv-01159-RP |
| **Blueworks, LLC d/b/a Blue Coolers,** *Defendant* § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), as amended (Dkt. 21), filed April 16, 2021;[1] YETI's Opposition to Blue Coolers' Motion to Dismiss (Dkt. 16), filed April 9, 2021; and Blue Coolers' Reply in Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 22), filed April 16, 2021. On November 2, 2021, the District Court referred the motion to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff YETI Coolers, LLC ("YETI") and Defendant Blueworks, LLC ("Blue Coolers") both offer coolers and insulated drinkware. On November 20, 2020, Yeti filed suit in this Court, alleging that Blue Coolers' products violate its trade dress rights. YETI alleges claims of trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trade dress dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); unfair competition and false designation of origin

---

[1] The District Court granted Defendant's unopposed motion to refile its motion within the page limits.

under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trade dress dilution under Texas Business & Commerce Code § 16.103; common law trade dress infringement, unfair competition, and misappropriation; and unjust enrichment. Complaint, Dkt. 1. YETI seeks an injunction, recall and destruction of all infringing products, damages, and an award of profits. *Id.* at 25-27.

In its Complaint, YETI describes the trade dress of its coolers as follows:

> YETI has trade dress rights in the overall look, design, and appearance of its Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

*Id.* ¶ 11. YETI includes in its Complaint several "exemplary images" of the parties' products, including the coolers shown below.




*Id.* ¶¶ 10, 18. Blue Coolers now moves to dismiss all of YETI's claims against its coolers, but not its drinkware. Dkt. 22 at 2 n.1 (stating that YETI's claims against its drinkware "are not at issue in Blue Coolers' motion to dismiss").

## II.     Legal Standards

Relevant to Blue Coolers' motion are the legal standard for trade dress infringement and motions to dismiss for failure to state a claim.

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted). The court's review is limited to the complaint, any documents attached to the complaint,

3

and any documents attached to the motion to dismiss central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Trade Dress Infringement

Lanham Act Section 43(a) provides a cause of action for trade dress infringement. 15 U.S.C. § 1125(a). "Trade dress refers to the total image and overall appearance of a product and may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product." *YETI Coolers, LLC v. JDS Indus., Inc.*, 300 F. Supp. 3d 899, 907 (W.D. Tex. 2018) (citation and quotation marks omitted) (quoting *Amazing Spaces, Inc. v .Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010)).

To succeed on a claim of infringement of unregistered product design trade dress under the Lanham Act, a plaintiff must establish that its trade dress is not functional and has acquired secondary meaning, and that there is a likelihood of consumer confusion. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 215 (2000); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1350 (5th Cir. 1994). In assessing likelihood of confusion, courts in this circuit consider: (1) similarity of the two products; (2) identity of retail outlets and purchasers; (3) identity of advertising media; (4) strength of the trade dress; (5) intent of the defendant; (6) similarity of design; (7) actual confusion; and (8) degree of care employed by consumers. *Sunbeam Prods. Inc. v. West Bend Co.*, 123 F.3d 246, 257 (5th Cir. 1997), *abrogated on other grounds by TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23 (2001).

A plaintiff also must "articulate the elements that comprise its protected trade dress in order for the court to evaluate the plausibility of its claim and so the defendant has fair notice of the grounds of the claim." *JDS*, 300 F. Supp. 3d at 907 (citation omitted); *see also Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 565 (5th Cir. 2015) (stating that a plaintiff "must identify the discrete elements of the trade dress that it wishes to protect").

### III.    Analysis

Blue Coolers argues that YETI "has not and cannot plead plausible likelihood of confusion" and thus cannot satisfy *Iqbal*. Dkt. 22 at 2. Blue Coolers asserts that: "In this case, even accepting all facts YETI alleges as true, a likelihood of confusion is highly implausible. As such, *Iqbal* requires dismissal of YETI's claims for trade dress infringement, trade dress dilution, unfair competition and false designation, misappropriation, and unjust enrichment." *Id.*

Blue Coolers makes clear that it seeks dismissal of YETI's trade dress claims not because of any failure to plead facts or legal elements, but because the facts YETI has pled are insufficient to plausibly show a likelihood of consumer confusion, as required to establish trade dress infringement under Lanham Act Section 43(a). Dkt. 22 at 1-2. Blue Coolers contends that all of YETI's other claims also fail for the same reason: a likelihood of confusion is facially implausible.

> YETI's remaining claims of common law trade dress infringement, unfair competition, unjust enrichment, dilution under federal and state law, and misappropriation are implausible because there is no plausible likelihood of confusion. Each of these claims require that a reasonable consumer would be confused as to the source of a hard cooler, when the hard cooler has a trademarked embedded logo clearly indicating its maker, when the cooler varies immensely in design and dimension from competitors, and when the cooler is costly enough such that a consumer would take great care in purchasing one. A consumer could not plausibly be confused as to the source of the cooler. Because a likelihood of confusion is facially implausible, these claims are also facially implausible and should be dismissed.

*Id.* at 11; *see also* Dkt. 21 at 21-23. YETI responds that Blue Coolers' arguments "improperly focus on whether YETI has ***proved*** a likelihood of confusion rather than on whether YETI sufficiently ***pled*** it—which is all that is needed at the motion to dismiss stage." Dkt. 16 at 1.

The undersigned agrees with YETI that, in its motion to dismiss, Blue Coolers improperly asks the Court to reach the merits of YETI's claims. Blue Coolers devotes the bulk of its opening brief to a detailed analysis of the likelihood of confusion factors. *See* Dkt. 21 at 7-21. These assessments

5

are the province of the factfinder. *See JDS*, 300 F. Supp. 3d at 906 n.2 (citation omitted) ("As a general matter, whether infringement creates a likelihood of confusion is a question of fact that should not be addressed in a Rule 12(b)(6) motion."); *see also Wilson v. Tessmer Law Firm, PLLC*, 483 F. Supp. 3d 416, 426 (W.D. Tex. 2020) (stating that "the likelihood of confusion analysis is fact-intensive").

In addition to its arguments directed to the likelihood of confusion factors, Blue Coolers also contends that consumer confusion as to the source of its coolers is not plausible because each cooler "has a trademarked embedded logo clearly indicating its maker." Dkt. 22 at 10. The Fifth Circuit Court of Appeals, along with a majority of other courts, instructs the opposite:

> While we have recognized that labels may dispel consumer confusion, under appropriate circumstances, we have never held that this is an absolute affirmative defense to every trademark infringement claim. To the contrary, we have also observed that the mere labeling of a product will not automatically alleviate a likelihood of confusion, and the ultimate determination of consumer confusion is a question of fact for the district court.

*Sunbeam*, 123 F.3d at 259 (internal citation omitted) (affirming preliminary injunction in trade dress case despite defendant's use of its own word mark on expensive stand mixer); *see also* 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:53 (5th ed. Dec. 2021 Update) ("The majority view is that labeling or use of a word mark does not avoid what would otherwise be an infringing trade dress.").

In sum, the undersigned finds that the allegations in YETI's Complaint are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Blue Coolers has not shown that the allegations in YETI's Complaint are facially implausible and therefore fail to satisfy the *Iqbal* pleading standard. Because implausibility of likelihood of confusion is the only basis on which Blue Coolers moves to dismiss, the undersigned recommends that the District Court deny Blue Coolers' motion.

### IV.  Recommendation

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant's Motion To Dismiss Pursuant to Rule 12(b)(6), as amended (Dkt. 21).

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 8, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE